# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-2076 CAS |
| ) | |
| TITAN CONTRACTORS SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Titan Contractors Service, Inc.'s ("defendant" or "Titan Contractors") motion to set aside the clerk's entry of default. Plaintiff United Fire & Casualty Company ("plaintiff") opposes the motion. For the following reasons, the Court will grant the motion and the clerk's entry of default will be set aside.

## Background

This case arises out of another—a personal injury action brought by three individual plaintiffs against Titan Contractors alleging that plaintiffs were injured by their exposure to a chemical concrete sealant, called TIAH, used by Titan Contractors (the "Madison County litigation"). Titan Contractors tendered its defense in the Madison County litigation to its commercial general liability and umbrella insurer, plaintiff United Fire & Casualty Company, and plaintiff agreed to defend Titan Contractors under a reservation of rights.

On November 2, 2010, plaintiff filed this declaratory judgment action against Titan, seeking a judgment declaring that plaintiff's policy does not provide coverage for the claims brought against Titan in the Madison County litigation. Plaintiff claims the pollution exclusion of the policy

excludes coverage for the underlying plaintiffs' personal injury claims. Plaintiff served Titan Contractors' registered agent, Mr. Mark Melroy, and Mr. Melroy executed and returned a Waiver of the Service of Summons, which was filed by plaintiff on December 14, 2010. Titan never entered its appearance and never responded to the complaint, and therefore plaintiff sought and received a clerk's entry of default on March 2, 2011. On April 5, 2011, Titan entered its appearance, and shortly thereafter filed the instant motion to set aside the clerk's entry of default.

In support of their motion to set aside the clerk's entry of default, Titan files the affidavit of its President, Mr. Mark Melroy. According to Mr. Melroy's affidavit, in December 2010, he received a letter that attached legal documents relating to a Waiver of the Service of Summons form ("Service Waiver"). He believed the complaint and the Service Waiver related to the Madison County litigation in which Titan was represented by counsel appointed by plaintiff. He believed that if any action was required by Titan, his counsel in the Madison County litigation would let him know. He did not read the substance of the complaint before executing the Service Waiver, and did not know what the instant litigation involved. Mr. Melroy did not understand that the complaint was directed to Titan, or that the complaint represented plaintiff's attempt to deny Titan insurance coverage in the Madison County litigation. He states that he did not intend to accept service on behalf of Titan.

**Discussion**

Defendant moves the Court to set aside the clerk's entry of default entered in favor of plaintiff and against defendant pursuant to Fed. R. Civ. P. 55(c). A ruling on a motion to set aside a default judgment is committed to the sound discretion of the district court. Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008). "The court may set aside an entry of default for good

cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). When examining whether good cause exists, the district court should weigh "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." Stephenson, 524 F.3d at 912 (quotation omitted); see also Johnson v. Dayton Elec. Manuf. Co., 140 F.3d 781, 783-84 (8th Cir. 1998) (quoting Pioneer, 507 U.S. at 395) (explaining that although "good cause" under Rule 55(c) and "excusable neglect" under Rule 60(b) examine the same factors, "most decisions . . . hold that relief from a default judgment requires a stronger showing than relief from a mere default order"). The Court is mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States on behalf of Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993).

    (1)  Whether Defaulting Party Was Blameworthy or Culpable

Under the "good cause" standard, the Court must first examine the culpability of the defaulting party. Stephenson, 524 F.3d at 912. According to Mr. Melroy's affidavit, the reason defendant did not enter an appearance or file an answer after waiving service was because Mr. Melroy did not understand that a new lawsuit had been filed against his company. He thought he was accepting legal documents related to the pending litigation in Madison County. He also did not read the Service Waiver before signing and returning the document.

Plaintiff does not dispute this as the reason for delay, rather plaintiff argues that as a registered agent, Mr. Melroy should be held responsible for documents that he signs on behalf of the company. Plaintiff cites to the clear language in both the Service Waiver and the correspondence

3

dated December 3, 2010 that was served with the complaint. The correspondence states: "We are sending this letter pursuant to Federal Rules of Civil Procedure 4(d). As such, you are hereby notified that we have filed suit in the United States District Court for the Eastern District of Missouri, and it has been assigned the Cause Number 4:10-CV-2076 MLM."

Plaintiff's arguments are well-taken. Mr. Melroy, as President of Titan, received a letter, a Service Waiver, and a copy of a complaint, and apparently did not bother to read any paperwork before signing and returning the Service Waiver. While he may have been confused, and assumed the legal documents related to an ongoing lawsuit in which he was represented by counsel, had he reviewed the documents presumably he would have understood their significance. While the Court agrees that Mr. Melroy's actions were careless, when the Court compares Mr. Melroy's conduct to that excused by the Eighth Circuit under the more stringent "excusable neglect" standard, Mr. Melroy's conduct is not grounds to deny defendant's motion to set aside the clerk's entry of default. See, e.g., Union Pacific, 256 F.3d 781 (finding excusable neglect where defendant neglected to file answer because of recording error by legal department); Feeney v. AT&E, Inc., 472 F.3d 560 (8th Cir. 2006) (finding excusable neglect where defendant had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson v. Dayton Elec. Manuf. Co., 140 F.3d 781, 784-85 (8th Cir. 1998) (finding good cause to set aside a default that resulted from "poor communication" between the defendant, its attorney, and its insurer). While the conduct of Mr. Melroy was perhaps "careless to the point of indifference" (Feeney, 472 F.3d at 562), his error exhibited the same sort of lax approach excused in the cases cited above. He did not evince an intentional flouting or blatant disregard of court rules or procedures. Also, defendant took quick action as soon as it learned of the default, entering an appearance and requesting additional time to

4

file a motion. Accordingly, the Court finds this factor weighs in favor of setting aside the clerk's entry of default.

### (2) The Danger of Prejudice to the Non-Moving Party

As the Eighth Circuit has repeatedly cautioned, "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 785 (8th Cir. 1998). The prejudice must be more concrete, for example, loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion. Id. Here, the record does not reveal that plaintiff would incur any of these difficulties if the clerk's entry of default were set aside. Nor does plaintiff claim any prejudice in its briefing. The prejudice factor weighs in favor of setting aside the clerk's entry of default.

### (3) Meritorious Defense

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotations omitted). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." Id. (quoting Charles Alan Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 2697 (2d ed. 1983)). The parties spend the bulk of their briefings arguing whether defendant has a meritorious defense. The Court need not determine the outcome of this declaratory judgment action at this point, rather the Court need only determine whether the proffered evidence would permit a finding for defendant. See Johnson, 140 F.3d at 785.

Defendant cites cases from both Missouri and Illinois, in which courts have found the total pollution exclusion inapplicable to claims when the pollutants at issue were not conventional

5

environmental pollutants, i.e., gasoline and carbon monoxide gas. See Hocker Oil Co., Inc. v. Barker-Phillips-Jackson, Inc., 997 S.W.2d 510 (Mo. App. 1999); American States Ins. Co. v. Koloms, 687 N.E.2d 72, 79 (Ill. 1997). Defendant states that courts have restricted the pollution exclusion's application to hazards traditionally associated with environmental pollution, and argues the pollutant in this case, the concrete sealant TIAH, is not a conventional environmental pollutant. In its opposition, plaintiff distinguishes the facts of defendant's cited cases, and in particular, argues under the facts of this case that TIAH is a pollutant.

The Court finds that defendant has offered a legal defense with sufficient elaboration of the facts and the law to permit the Court to determine the potential viability of the asserted defense. There exists at least an even chance that the outcome of this action, after full consideration, would be contrary to the result achieved by a default. The existence of this meritorious defense weighs in favor of defendant in setting aside the clerk's entry of default for good cause.

**Conclusion**

Pursuant to Federal Rule of Civil Procedure 55(c), the Court concludes that the clerk's entry of default should be set aside for good cause for the reasons discussed above. The Court will therefore grant the defendant's motion to set aside the clerk's entry of default.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to set aside the clerk's entry of default and motion for extension of time to respond to plaintiff's complaint is **GRANTED**. [Doc. 17]

**IT IS FURTHER ORDERED** that the Entry of Default by the Clerk dated March 2, 2011 is **VACATED**. [Doc. 9]

**IT IS FURTHER ORDERED** that defendant shall file its response to plaintiff's complaint by July 11, 2011.

**IT IS FURTHER ORDERED** that plaintiff's renewed motion for default judgment pursuant to Rule 55(b) is **DENIED as moot**. [Doc. 12]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   13th   day of June, 2011.