**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10-CV-2076 CAS |
| ) | |
| TITAN CONTRACTORS SERVICE, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the following motions: (1) Alton Business Center Park, LLC and HLC Properties Inc. d/b/a Clark Properties' (collectively "Alton Business Park") motion to intervene, and (2) Tallauah Todd, Valerie Furlow, and Merri Bogard's (collectively the "individual intervenors") motion to intervene. Plaintiff United Fire & Casualty Company ("United Fire") opposes the proposed interventions, and has filed responses. The matters are fully briefed and ready for disposition. For the following reasons, the Court will deny the proposed intervenors' motions to intervene under Rule 24(a)(2) and (b), and instead permit the proposed intervenors to participate in this action as *amicus curiae*.

**I.   Background**

In this declaratory judgment action, plaintiff United Fire seeks a determination of its rights and obligations under a policy of insurance issued to defendant Titan Contractors Service, Inc. ("Titan"). Underlying this case is a personal injury action brought by the individual intervenors against Titan and Alton Business Park in the Circuit Court for Madison County, Illinois arising out of their exposure to a chemical concrete sealant applied by Titan. Titan applied the sealant to an area adjacent to the

individual intervenors' office space in the Alton Business Park. United Fire claims it has no contractual obligation to defend or indemnify Titan in the underlying lawsuit because the terms of its policy exclude coverage for bodily injury arising out of the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" Compl. at ¶ 10.

The individual intervenors and Alton Business Park seek to intervene in this declaratory judgment action because this coverage issue is related to whether any judgment (or judgment for contribution or indemnity) against Titan in the underlying action will be paid. Alton Business Park seeks to intervene as of right under Rule 24(a)(2) and, alternatively, seeks permissive intervention under Rule 24(b). The individual intervenors seek only permissive intervention under Rule 24(b).

**II.     Discussion**

   A.     Standing

As a threshold matter, a proposed intervenor under Rule 24 must have Article III standing. Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999) (denying intervention); Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Standing under Article III of the Constitution requires that a would-be litigant make a showing of three elements: (i) an "injury in fact," which is an invasion of a legally protected interest that is concrete, particularized and either actual or imminent; (ii) the existence of a causal connection between the alleged injury and the conduct being challenged; and (iii) redressability, i.e., that the injury is likely to be remedied by a favorable decision. Mausolf, 85 F.3d at 1301.

As the Eighth Circuit has stated: "While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact

remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." Mausolf, 85 F.3d at 1301.  There is some confusion in the case law (and certainly in the parties' filings) regarding the requirements for Article III standing versus the requirements for Rule 24(a)(2) intervention.  See, e.g., Pl. Resp. at 3 (Doc. 56); Pl. Surreply at 2-3 (Doc. 60-1); Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007) ("Medical Liability") (stating the proposed intervenors "did not have standing to intervene," but discussing only Rule 24(a)(2) requirements).  See also 6 James Wm. Moore, Moore's Federal Practice ¶ 24.03[2][d] (3d ed. 2012). Because of this confusion and because the Court finds, based on controlling Eighth Circuit case law, that the proposed intervenors do not satisfy the requirements of Rule 24(a)(2), the Court will not separately address the requirements for Article III standing.  See Medical Liability, 485 F.3d at 1008.

   B.   Timeliness

Before addressing the requirements under Rule 24, the Court will address the proposed intervenors' arguments that they have timely filed their motions to intervene.  Both intervention as a matter of right and permissive intervention require the would-be intervenor's motion to intervene to be timely.  Planned Parenthood of the Heartland v. Heineman, 664 F.3d 716, 718 (8th Cir. 2011). "The issue of the timeliness of a motion to intervene is a threshold issue." United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 832 (8th Cir. 2010).  In determining timeliness, three factors are considered: (1) the reason for any delay by the proposed intervenor, (2) how far the litigation has progressed before the motion to intervene is filed, and (3) how much prejudice the delay in seeking intervention may cause to the other parties if intervention is allowed.  See United States v. Union Elec. Co., 64 F.3d 1152, 1159 (8th Cir. 1995).

Here, the motions to intervene were filed after this case had been pending nearly twenty months. Although their reasons for delay are similar, the individual intervenors delayed nearly a year after they had knowledge of this case before filing their motion, and Alton Business Park delayed six or seven months. Both sets of intervenors state that United Fire was interested in a global mediation of both this and the underlying suit. Therefore, they put off intervention in the current matter pending settlement discussions and mediation. The parties participated in mediation on April 17, 2012. After that mediation failed, the proposed intervenors waited another two months—until June 27, 2012—to participate in a case management conference in the underlying suit. It is only after that conference, during which the proposed intervenors realized the chance of settlement was minimal, that they filed their motions to intervene.[1]

The motions to intervene were filed on July 3 and July 6, 2012. At the time the intervenors filed their motions, the discovery completion date was less than two weeks away. The dispositive motion deadline of August 1, 2012 was less than a month away. In fact, the briefing schedule for the motions to intervene brought this case to within nine days of the deadline for filing dispositive motions.

The Eighth Circuit has stated, however, that "[t]he question for determining the timeliness of the motion to intervene is whether existing parties may be prejudiced by the delay in moving to intervene, not whether the intervention itself will cause the nature, duration, or disposition of the lawsuit to change." Union Elec. Co., 64 F.3d at 1159. In opposing the motion to intervene, United Fire states that intervention "would prejudice the parties' ability to meet the discovery and dispositive

---

[1] The individual intervenors had filed a two-page motion to intervene, without a supporting memorandum, on June 25, 2012. This motion was denied without prejudice for failure to comply with the Local Rules. See Doc. 50.

motion deadlines and thereby resolve this case in a timely manner." Pl. Resp. at 4 (Doc. 56). The would-be intervenors reply, however, that this is an insurance coverage dispute. They do not wish to conduct any discovery and "have no desire to extend the dispositive motion deadline." They state that they have already begun preparing their dispositive motions, and will be able to file these motions by the August 1, 2012 deadline. Reply at 13 (Doc. 58). In its surreply, United Fire states that it will be prejudice by having to respond to "two, and possibly three, summary judgment motions in the time currently allotted by this Court." Surreply at 6 (Doc. 63). If intervention were granted, this prejudice easily could be eliminated by enlarging the time in which United Fire has to file its response.

In sum, although the proposed intervenors delayed many months in filing the motion to intervene while they pursued settlement, the Court cannot find that United Fire will suffer any prejudice from this delay. The proposed intervenors state that they seek only to file dispositive motions, and require no extensions of time. To the extent plaintiff will have to respond to multiple motions, the Court could enlarge the time period for filing such responses. Therefore, plaintiff would not be prejudiced by any delay, and the Court finds the motions to intervene to be timely.

    C.    <u>Intervention as of Right Under Federal Rule 24(a)(2)</u>

"A party is entitled to intervene as a matter of right if: (1) it claims an interest relating to the subject of the action; (2) the disposition of the action may impair or impede its ability to protect its interest; and (3) its interest is not adequately represented by existing parties." <u>Chiglo v. City of Preston</u>, 104 F.3d 185, 187 (8th Cir. 1997); <u>see</u> <u>also</u> Fed. R. Civ. P. 24(a)(2). The party seeking intervention must satisfy all three parts of the test. <u>Chiglo</u>, 104 F.3d at 187; <u>Little Rock Sch. Dist. v. North Little Rock Sch. Dist.</u>, 378 F.3d 774, 780 (8th Cir. 2004).

An interest is cognizable under Rule 24(a)(2) only where it is "direct, substantial, and legally protectable." Medical Liability, 485 F.3d at 1008 (quoting Union Elec. Co., 64 F.3d at 1161). "An economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention. An interest that is contingent upon the occurrence of a sequence of events before it becomes colorable is also not sufficient to satisfy Rule 24(a)(2)." Id. (internal citations and quotations omitted).

In Medical Liability, the Eighth Circuit found that a tort plaintiff had no right to intervene in a declaratory judgment action brought in federal court by the underlying defendant's liability insurer. Medical Liability, 485 F.3d at 1009-10. In that case, the underlying plaintiff brought a wrongful death action in state court against her mother's nursing home, alleging the nursing home was negligent in diagnosing and treating her mother. The insurer for the nursing home brought a declaratory judgment action in federal court against the insured nursing home, seeking to clarify its obligations under the policies. The underlying tort plaintiff moved to intervene in the insurer's federal action both mandatorily and permissively under Rule 24(a)(2) and (b)(2). She argued she had a property interest in the lawsuit because she might in the future need to look to the insurer to satisfy any judgment she might obtain in her state court action against the nursing home. The district court denied intervention, and the Eighth Circuit affirmed.

The Eighth Circuit stated that "[a]n economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention." Id. at 1008. Moreover, an interest contingent upon the occurrence of a sequence of events before it becomes colorable is also not sufficient. It found that the underlying plaintiff's only interest in the declaratory judgment action was to ensure that the defendants in her state lawsuit had sufficient resources to satisfy any future judgment she might

obtain against them. "This interest is too remote and indirect to qualify as a cognizable interest under Rule 24(a)(2)." Id.

Like plaintiff in Medical Liability, here the proposed intervenors' only interest is to ensure that Titan, a defendant in the state court case, has sufficient resources to satisfy any judgment (including a contribution or indemnity judgment) they might obtain against it. Under controlling Eighth Circuit precedent, the Court cannot find that the intervenors have an interest in this action sufficient to meet the requirement for mandatory intervention. The proposed intervenors were neither a party to nor the intended beneficiary of the insurance contract between United Fire and Titan. Id. at 1009. Intervenors' interest is contingent upon obtaining a judgment against Titan, and Titan's inability to satisfy that judgment.

In light of this controlling Eighth Circuit authority, the proposed intervenors state that unlike the intervenors in Medical Liability, they have an interest in preserving judicial resources and limiting future litigation. The proposed intervenors state that under Missouri law, where an injured party is not involved in a prior declaratory judgment action to resolve a coverage dispute, issue preclusion would not preclude relitigation of those same coverage issues. They seek, therefore, to intervene and reduce the amount and length of overall litigation. The argument, however, is still contingent upon the proposed intervenors obtaining a judgment against Titan. Moreover, the proposed intervenors have not addressed the choice of law issue, and it is unclear to the Court how Missouri law would apply to a case brought in the state court of Illinois by Illinois plaintiffs.[2]

---

[2] Even if Missouri law applied, the case cited in support of the proposed intervenors' position, Wilkes v. St. Paul Fire and Marine Ins. Co., 92 S.W.3d 116, 122 (Mo. Ct. App. 2002), is distinguishable. In Wilkes, the state court found the doctrine of collateral estoppel did not apply to preclude plaintiff's claim in an equitable garnishment action against an insurer. Although the insurer had won a prior declaratory judgment action, the state court found equitable

Additionally, even if the proposed intervenors had a cognizable interest, they have not shown that their interest is not adequately represented by existing parties. While this requirement is minimal, see Mille Lacs Band of Chippewa Indians v. Minnesota, 989 F.2d 994, 999 (8th Cir. 1993), the proposed intervenors cite to little more than the "motivations for each party," although they do not specify these motivations. They also cite the docket in this case to support their argument that their interest is not adequately protected. They state that "no summary judgment has been filed to date," but do not address how this is inadequate representation by Titan when the deadline for filing summary judgment is not until August 1, 2012, and it is well-known that the parties have been engaged in settlement negotiations. Nor do the proposed intervenors state any disagreement with the litigation strategy or objectives of defendant Titan. See, e.g., Little Rock Sch. Dist., 378 F.3d at 780. The proposed intervenors have not satisfied this requirement for mandatory intervention.

The Court finds that the prospective intervenors do not have an interest in this litigation sufficient to support intervention as a right under Rule 24(a)(2) and have not satisfied the requirements for mandatory intervention.

D.     Permissive Intervention Under Federal Rule 24(b)

Rule 24(b)(2) provides that permissive intervention should be allowed "[u]pon timely application . . . when an applicant's claim or defense and the main action have a question of law or fact in common." Unlike Rule 24(a), Rule 24(b) specifically vests discretion in district courts to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the

---

considerations barred the application of collateral estoppel. Significantly, the state court found that the insured in the underlying case was protected from personal liability by an agreement, and had no strong incentive to litigate the coverage issue against the insurer. Here, those facts do not exist.

parties. See 6 James Wm. Moore, Moore's Federal Practice § 24.10[1] (3d ed. 2012). The phrase "common question of law or fact" is given its plain meaning and read in the disjunctive. Id. at § 24.11. Thus, a showing of either a question of law or a question of fact in common between the main action and the movant's claim is all that is needed to grant permissive intervention. Id.

Here, the underlying action involves the personal injuries suffered by the individual intervenors when Titan applied a chemical concrete sealant adjacent to their office space in the Alton Business Park. The declaratory judgment action involves whether United Fire has a contractual obligation to indemnify Titan in the underlying lawsuit because the terms of its insurance policy exclude coverage for "'[b]odily injury' . . . arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" Compl. at ¶ 10. The facts surrounding the individual intervenors' injuries and how they received their injuries are relevant to whether coverage applies, but there has been no suggestion that a factual dispute exists. In fact, it appears that the issues in this declaratory judgment action are purely legal and will be resolved by summary judgment. As United Fire points out, there are no *questions* of fact that are common between the two cases and the legal issues are distinct.

The proposed intervenors have represented to the Court that they do not seek to conduct any discovery or have any deadlines extended. They seek only to file dispositive motions in this case. The proposed intervenors have not, however, complied with Rule 24(c) which requires a motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."[3]   Therefore, the exact parameters of the proposed intervention are not known.

---

[3] Alton Business Park has attached to its motion its answer in the underlying case, but merely attaching a previously-filed answer from another case does not comply with the requirements of Rule 24(c). See 6 James Wm. Moore et al., Moore's Federal Practice § 24.20

Additionally, the Court is concerned that if it grants the proposed intervention in this action, and it finds that insurance coverage exists, the case will continue. (Again, the Court is hamstrung because the proposed intervenors have not complied with Rule 24(c)). The Court envisions the parties becoming embroiled in issues related to the individual intervenors' damages. This would certainly delay these proceedings, and push back the trial date of February 11, 2013.

The Court finds that permissive intervention would not promote the efficiency of these proceedings. This case has proceeded for more than twenty months, and dispositive motions are due in less than a week. Despite the representations of counsel, the Court is concerned that the proposed intervenors will introduce collateral issues, which would delay these proceedings. The Court values the proposed intervenor's input on the insurance coverage issue, however, and finds the interest of the proposed intervenors and the Court would be best served by allowing the proposed intervenors to participate in this case as *amicus curiae*.

E.    Status as *Amicus Curiae*

A district court has broad inherent authority to permit or deny an appearance as *amicus curiae*. See, e.g., Little Rock Sch. Dist., 378 F.3d at 779 (district court granted Bollen Group *amicus curiae* status after denying motion to intervene); Pete's Brewing Co. v. Whitehead, 1998 WL 537399, *1 (8th Cir. 1998) (district court granted Anheuser-Busch, Inc. *amicus curiae* status after denying motion to intervene); Mausolf v. Babbitt, 85 F.3d 1295, 1302 (8th Cir. 1996) (same); see generally 6 James Wm. Moore et al., Moore's Federal Practice § 24.23[2] (3d ed. 2012). The *amicus* privilege "rests in the discretion of the court which may grant or refuse leave according[ly] as it

---

(3d ed. 2012).

deems the proffered information timely, useful, or otherwise." Mausolf v. Babbitt, 158 F.R.D. 143, 148-49 (D. Minn. 1994) (quoting Leigh v. Engle, 535 F. Supp. 418, 420 (N.D. Ill. 1982)).

Upon review of the issues in this case and the proposed intervenors' filings, the Court is confident that the proposed intervenors have knowledge, experience, and perspective related to the matters in this case that would assist the Court in its resolution of this insurance coverage dispute. The Court concludes that although permissive intervention might unduly delay these proceedings, the interest of the proposed intervenors and the interest of the Court would be well-served by allowing their briefs on the insurance coverage issue.

Accordingly, the Court grants Alton Business Park and the individual intervenors, *sua sponte*, the opportunity to appear as *amicus curiae* in this proceeding. Presumably, plaintiff United Fire will file a motion for summary judgment on August 1, 2012 to resolve this insurance coverage dispute. Defendant Titan likely will file either a cross-motion for summary judgment, or merely respond to United Fire's motion. Appearing as *amicus curiae*, the Court will allow Alton Business Park and the individual intervenors to file with the Court memoranda of law addressing the insurance coverage disputes raised in the parties' motions. This memoranda of law shall be due on September 4, 2012, which is the deadline in the Case Management Order for filing responses to dispositive motions. Because these additional memoranda might increase the burden on the parties, the Court will be lenient in granting extensions of time to file reply briefs.

Accordingly,

**IT IS HEREBY ORDERED** that Alton Business Center Park, LLC and HLC Properties Inc. d/b/a Clark Properties' motion to intervene is **DENIED**. [Doc. 52]

**IT IS FURTHER ORDERED** that Tallauah Todd, Valerie Furlow, and Merri Bogard's motion to intervene is **DENIED**. [Doc. 53]

**IT IS FURTHER ORDERED** that Alton Business Center Park, LLC; HLC Properties Inc. d/b/a Clark Properties; Tallauah Todd; Valerie Furlow; and Merri Bogard are **GRANTED**, *sua sponte*, the opportunity to appear *amicus curiae* and to submit their position on the parties' summary judgment motions, by the service and filing of memoranda of law by **September 4, 2012**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall change the status of Alton Business Center Park, LLC; HLC Properties Inc. d/b/a Clark Properties; Tallauah Todd; Valerie Furlow; and Merri Bogard from "Intervenors" to "Amicus" in the record of this case.

*/s/ Charles A. Shaw*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 27th day of July, 2012.