UNITED FIRE & CASUALTY COMPANY,  )
         )
      Plaintiff,     )
         )
    v.        )      No. 4:10-CV-2076 CAS
         )
TITAN CONTRACTORS SERVICE, INC.,  )
         )
      Defendant.    )

## MEMORANDUM AND ORDER

This matter is before the Court on the following three motions to withdraw as counsel for defendant Titan Contractors Service, Inc. ("Titan"): (1) Russell F. Watters and Cynthia M. Juedemann of Brown & James, P.C.; (2) Patrick J. Kenny, Nicholas J. Garzia, and M. Quinn Murphy of Armstrong Teasdale LLC, and; (3) James L. Craney of Lewis Brisbois Bisgaard & Smith LLP (formerly of Brown & James, P.C.). The motions will be held in abeyance, and the Court will impose a notice of withdrawal period until September 2, 2014. The Court will permit defense counsel to withdraw from representation of the defendant on September 2, 2014, regardless of whether defendant has retained substitute counsel.

### Background

Plaintiff filed this declaratory judgment action against defendant seeking a determination of its rights and obligations under a policy of insurance issued to defendant Titan. Initially, defendant appeared in this action through attorneys Patrick J. Kenny, Nicholas J. Garzia, and M. Quinn Murphy of Armstrong Teasdale LLP ("Armstrong Teasdale"). It was during their representation of defendant that the Court issued an order granting summary judgment to defendant. Shortly after plaintiff appealed the Court's order granting summary judgment to defendant, the Armstrong

Teasdale attorneys filed an open letter in the Eighth Circuit Court of Appeals stating that "due solely to its lack of financial resources Titan is unable to prepare and will not submit a brief in this appeal." After the filing of that letter on March 11, 2013, the Armstrong Teasdale attorneys did not participate in Titan's representation in this matter.

Since that time, defendant has appeared in this action through attorneys Russell F. Watters, Cynthia M. Juedemann, and James L. Craney of Brown & James, P.C. ("Brown & James"). The Brown & James attorneys represented Titan solely for purposes of handling Titan's appeal to the Eighth Circuit Court of Appeals. Now that the Eighth Circuit has issued its formal mandate and relinquished jurisdiction, the Brown & James attorneys seek to withdraw from the case.

**Discussion**

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation. A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993).

"Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will hold in abeyance defense counsel's motions for leave to withdraw as counsel and order defendant to obtain substitute counsel no later than September 2,

2014. If defendant Titan Contractors Service, Inc. fails to obtain substitute counsel within that time, it may be subject to a default judgment in favor of plaintiff. See Forsythe v. Hales, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed pro se). Defense counsel's motions to withdraw from representation of defendant will be granted when substitute counsel enters an appearance or on September 2, 2014, whichever occurs first.

Accordingly,

**IT IS HEREBY ORDERED** that counsel Patrick J. Kenny, Nicholas J. Garzia, M. Quinn Murphy, Russell F. Watters, Cynthia M. Juedemann, and James L. Craney's motions for leave to withdraw as counsel for defendant will be held in **abeyance** and the Court will impose a withdrawal notice period until September 2, 2014.

**IT IS FURTHER ORDERED** that defendant Titan Contractors Service, Inc. shall obtain substitute counsel no later than September 2, 2014.

**IT IS FURTHER ORDERED** that defendant's substitute counsel, if any, shall file an entry of appearance no later than September 2, 2014.

**IT IS FURTHER ORDERED** that counsel for defendant shall provide a copy of this Memorandum and Order to the defendant via first class mail, postage prepaid, and via email and file a notice with the Court that this has been done, within ten days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that on September 2, 2014, or upon the entry of substitute counsel, whichever comes earlier, the Court will issue an order granting the motions of attorneys Patrick J. Kenny, Nicholas J. Garzia, M. Quinn Murphy, Russell F. Watters, Cynthia M. Juedemann, and James L. Craney to withdraw from their representation of defendant.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 1st day of August, 2014.