UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2076 CAS |
| | ) | |
| TITAN CONTRACTORS SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movants Tallauah Todd, Valerie Furlow, and Merri Bogard's ("movants" or "proposed intervenors") motion to intervene. Plaintiff United Fire & Casualty Company ("United Fire") opposes the proposed intervention. The matter is fully briefed and ready for disposition. For the following reasons, the Court will deny the proposed intervenors' motion to intervene under Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B).

**I.     Background**

In this declaratory judgment action, plaintiff United Fire seeks a determination of its rights and obligations under a policy of insurance issued to defendant Titan Contractors Service, Inc. ("Titan"). Titan asserted a counterclaim seeking a declaration that United Fire was obligated to defend and indemnify it for claims asserted against it. Underlying this case is a personal injury action brought by the proposed intervenors against Titan and Alton Business Park in the Circuit Court for Madison County, Illinois, arising out of their exposure to a chemical concrete sealant called TIAH applied by Titan. Titan applied the sealant to an area adjacent to the proposed intervenors' office space in the Alton Business Park.

To resolve this declaratory judgment action, United Fire and Titan filed cross motions for summary judgment. United Fire claimed it had no contractual obligation to defend or indemnify Titan in the underlying lawsuit because the terms of its policy exclude coverage for bodily injury arising out of the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" The Court denied United Fire's motion for summary judgment, and granted Titan's cross motion for summary judgment. The Court found the pollution exclusion ambiguous as it related to Titan's application of TIAH. Because the pollution exclusion was ambiguous, the Court found it did not bar coverage for the underlying plaintiffs' (i.e., proposed intervenors') injuries.

United Fire appealed the summary judgment decision to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit reversed the decision, but remanded the case to this Court to decide whether the underlying complaint alleged the "discharge, dispersal, seepage, migration, release or escape" of TIAH. See Doc. 98 at 9.

Shortly after remand, both trial and appellate counsel for Titan moved to withdraw their appearances on the basis that Titan does not have the financial resources to continue to defend itself. To address counsel's motions to withdraw, the Court instituted a withdrawal notice period. See Doc. 107. The Court notified Titan that it would allow its counsel to withdraw after thirty days. During that thirty days, Titan was ordered to find substitute counsel. In the event Titan failed to comply with the order requiring substitute counsel, the Court stated Titan would be subject to a default judgment in favor of United Fire. See id. Titan did not find substitute counsel within the withdrawal notice period, and the Court ordered United Fire to file motions to strike Titan's pleadings, for clerk's entry of default, and for default judgment. See Doc. 110. United Fire has filed a motion to strike Titan's answer, which is now pending.

Meanwhile, movants filed their motion to intervene. Movants seek to intervene in this declaratory judgment action because the coverage issue in this case is related to whether a potential judgment against Titan in movants' underlying personal injury action will be paid. In their opening memorandum, movants seek permissive intervention under Rule 24(b)(1)(B). (Mem. at 2). In their reply brief, however, movants seek either permissive intervention or intervention as of right under Rule 24(a). (Reply at 2). The Court will address both intervention as of right and permissive intervention.

**II.**   **Discussion**

   A.   Standing

As a threshold matter, a proposed intervenor under Rule 24 must have Article III standing. See Curry v. Regents of the Univ. of Minn., 167 F.3d 420, 422 (8th Cir. 1999) (denying intervention); Mausolf v. Babbitt, 85 F.3d 1295, 1301 (8th Cir. 1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). Movants have not addressed this essential requirement. As stated in the Court's prior Memorandum and Order denying intervention dated July 27, 2012, the proposed intervenors are neither parties to nor the intended beneficiaries of the insurance contract between United Fire and Titan. (Doc. 64 at 2-3, 7). Movants have no legally protectable interest in Titan's insurance policy. Their interest in this action is remote and contingent upon obtaining a judgment against Titan. In the absence of any showing of standing, the Court cannot grant movants' motion to intervene pursuant to Rule 24.

   B.   Intervention as of Right Under Federal Rule 24(a)(2)

As the Court discussed at length in its prior Memorandum and Order of July 27, 2012 denying movants' first motion to intervene, under controlling Eighth Circuit precedent, the Court

cannot find that the intervenors have an interest in this action sufficient to meet the requirement for mandatory intervention. See Doc. 64 at 5-8 (analyzing movants' ability to intervene as of right under Federal Rule 24(a)(2)); see also Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1009-10 (8th Cir. 2007) (finding a tort plaintiff had no right to intervene in a declaratory judgment action brought in federal court by the underlying defendant's liability insurer). The Eighth Circuit has stated that "[a]n economic interest in the outcome of the litigation is not itself sufficient to warrant mandatory intervention." Id. at 1008. The Court incorporates its prior analysis of movants' rights under Rule 24(a)(2) from the Memorandum and Order of July 27, 2012, and finds that the proposed intervenors do not have an interest in this litigation sufficient to support intervention as a right under Rule 24(a)(2). The proposed intervenors have not satisfied the requirements for mandatory intervention.

B. Permissive Intervention Under Federal Rule 24(b)(1)(B)

Rule 24(b)(1)(B) provides that permissive intervention should be allowed "[o]n timely motion" when the applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Unlike Rule 24(a), Rule 24(b) specifically vests discretion in district courts to consider whether intervention will unduly delay or prejudice the adjudication of the rights of the parties. See 6 James Wm. Moore et al., Moore's Federal Practice § 24.10[1] (3d ed. 2012). The phrase "common question of law or fact" is given its plain meaning and read in the disjunctive. Id. at § 24.11.

Here, the underlying action involves personal injuries allegedly suffered by the proposed intervenors when Titan applied TIAH to a concrete floor adjacent to their office space. The questions to be decided in the underlying action are whether Titan negligently applied TIAH and,

if so, the extent of the proposed intervenors' damages. This declaratory judgment action, on the other hand, involves whether United Fire has a contractual obligation to indemnify Titan in the underlying lawsuit. As identified by the Eighth Circuit, the question left to be decided is whether the underlying case alleges the "discharge, dispersal, seepage, migration, release of escape" of TIAH. (Doc. 98 at 9). Although both cases relate to Titan's application of TIAH, the overlap of common factual questions between this declaratory judgment action and the underlying personal injury action is virtually nonexistent. Moreover, the cases deal with entirely different issues of law.

The potential intervenors' personal injury claims against Titan in the underlying suit are completely distinct from the claims asserted by United Fire in this action against Titan. In fact, this analysis highlights the fundamental problem with movants' motion to intervene: movants seek to intervene to step into Titan's shoes and defend it against its insurer, United Fire, not to assert their own claims or defenses. However, intervention is for individuals seeking to become a party to a case, to prosecute their own claims against a defendant, or to defend themselves against the claims of a plaintiff.[1] See, e.g., Arnold Crossroads, L.L.C. v. Gander Mountain Co., 751 F.3d 935, 937-38 (8th Cir. 2014) (granting intervention where intervenor City alleged harm in connection with the same conduct set forth in the petition); Fed. R. Civ. P. 24(c). Generally, intervenors participate on equal footing with the original parties to the suit. Here, however, movants do not seek to litigate

---

[1] The proposed intervenors did not initially comply with Rule 24(c), which requires a motion to intervene to "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." In an effort to comply, movants tacked on to their reply brief their petition in their underlying state court action. Merely attaching a previously-filed petition from another case does not comply with the requirements of Rule 24(c). See 6 Moore's Federal Practice, § 24.20.

their substantive claims against Titan and seek no adverse ruling against Titan. Quite the opposite, movants want to assert Titan's claim against its insurer. Movants, whose interests are adverse to Titan in the underlying suit, seek to advocate on behalf of Titan in this declaratory judgment action. This is not an appropriate use of intervention.

The Court finds that permissive intervention would not promote the efficiency of this proceeding, which is nearing completion. Efficiency would not be promoted by introducing into this declaratory judgment action issues of Titan's negligence and movants' personal injuries. More fundamentally, however, the proposed intervenors do not seek to become parties or litigate their rights in this case. Instead, movants seek to protect their financial interest in collecting on a potential judgment in their underlying case by stepping into Titan's shoes and assuming its defense against its insurer. This is not the within the scope and purpose of intervention. See generally 6 Moore's Federal Practice, § 24.11.

Because movants have not shown Article III standing, have not complied with the requirements of Rule 24(c), and do not seek to assert their own individual claims or defenses against either party in this declaratory judgment action, the Court will deny the motion to intervene.

Accordingly,

**IT IS HEREBY ORDERED** that Tallauah Todd, Valerie Furlow, and Merri Bogard's motion to intervene is **DENIED**. [Doc. 103]

                                          **CHARLES A. SHAW**
                                          **UNITED STATES DISTRICT JUDGE**

Dated this   29th   day of September, 2014.