# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2076 CAS |
| | ) | |
| TITAN CONTRACTORS SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff United Fire & Casualty Company's ("United Fire") motion to strike defendant Titan Contractors Service, Inc.'s ("Titan") pleadings. Titan has not responded to the motion, and the time for doing so has passed. For the following reasons, the Court will grant United Fire's motion to strike.

## I.    Background

In this declaratory judgment action, plaintiff United Fire sought a determination of its rights and obligations under a policy of insurance issued to defendant Titan. Titan asserted a counterclaim seeking a declaration that United Fire was obligated to defend and indemnify it for claims asserted against it. Underlying this case is a personal injury action brought by three individuals against Titan in Illinois state court arising out of their exposure to a chemical concrete sealant called TIAH applied by Titan.

The parties filed cross motions for summary judgment. United Fire claimed it had no contractual obligation to defend or indemnify Titan in the underlying lawsuit because the terms of the policy exclude coverage for bodily injury arising out of the "discharge, dispersal, seepage, migration, release or escape of 'pollutants.'" The Court denied United Fire's motion for summary

judgment, and granted Titan's cross motion for summary judgment. The Court found the pollution exclusion ambiguous as it related to Titan's application of TIAH, and therefore found the exclusion did not bar coverage for the underlying plaintiffs' injuries.

United Fire appealed the summary judgment decision to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit reversed the decision, but remanded the case to this Court to decide whether the underlying complaint alleged the "discharge, dispersal, seepage, migration, release or escape" of TIAH.

Shortly after remand, both trial and appellate counsel for Titan moved to withdraw their appearances on the basis that Titan did not have the financial resources to continue to defend itself. (Docs. 101, 102, and 104). On August 1, 2014, the Court held the motions to withdraw in abeyance, and imposed a withdrawal notice period until September 2, 2014. (Doc. 107). The Court ordered Titan to obtain substitute counsel no later than September 2, 2014. The Court cautioned Titan that failure to obtain substitute counsel within that time may subject it to a default judgment in favor of United Fire. (Id.).

Defendant did not obtain substitute counsel by September 2, 2014. The Court granted defense counsel's motions to withdraw. (Doc. 110). In response to the Court's memorandum and order of September 4, 2014 (id.), United Fire filed the instant motion to strike Titan's pleadings.

**II.    Discussion**

Motions to strike are properly directed only to pleadings. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2012). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm v. Internal Revenue Serv., 221

F.3d 1059, 1063 (8th Cir. 2000). Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id.

A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). "Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel." Woods v. KC Masterpiece, No. 4:04-CV-936 CAS, slip op. at 1 (E.D. Mo. May 14, 2006) (quoting R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896 MJL THK, 1996 WL 715526 at *2 (S.D.N.Y. Dec. 12, 1996)); see Top Sales, Inc. v. Designer Vans, Inc., No. CIV.A. 3:96-CV-0721, 1997 WL 786254 at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

Based on the foregoing, the Court will strike Titan's Answer and Counterclaim. Titan has failed to comply with the Court's memorandum and order of August 1, 2014, and based on its inaction since early May 2014, it is apparent that Titan will not comply with the Court's memorandum and order in the future.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff United Fire & Casualty Company's Motion to Strike Defendant's Pleadings is **GRANTED**. [Doc. 113]

**IT IS FURTHER ORDERED** that the defendant Titan Contractors Service, Inc.'s Answer and Counterclaim is **STRICKEN** from the record. [Doc. 33]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Memorandum and Order to defendant Titan Contractors Service, Inc., c/o Mark Melroy, P.O. Box 4193, Ballwin, Missouri 63021.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   7th   day of October, 2014.