UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED FIRE & CASUALTY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:10-CV-2076 CAS |
| | ) | |
| TITAN CONTRACTORS SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff United Fire & Casualty Company's ("United Fire") Rule 55(b) Motion for Default Judgment against defendant Titan Contractors Service, Inc. ("Titan"). Titan has not responded to the motion and has not participated in this action since at least June 3, 2014; the Court has stricken Titan's answer for failure to comply with a court order; and it is unrepresented and in default. Following a review of the opinion and judgment issued in this action by the United States Court of Appeals for the Eighth Circuit on May 13, 2014 and the subsequent proceedings in this Court, the Court will deny United Fire's motion for default judgment and dismiss its claims.

**I.    Background**

The background of this declaratory judgment action is fully set out in the Court's previous orders dated September 29, 2014 and October 7, 2014, and the Court recites only the facts necessary to decide the instant motion. See Docs. 114, 115; see also Doc. 88 (denying United Fire's motion for summary judgment). On October 28, 2014, pursuant to Federal Rule 55(a) and on United Fire's motion, the Clerk of Court entered default against defendant Titan. Shortly thereafter, pursuant to Federal Rule 55(b), United Fire filed the instant motion for entry of default judgment.

In its motion, United Fire seeks default judgment against defendant Titan declaring: (1) the insurance policy at issue does not provide coverage for the claims against Titan brought in the pending underlying state court actions, and United Fire has no duty to defend or indemnify Titan in those actions; (2) United Fire has not breached any duty owed to Titan with regard to the underlying claims; (3) United Fire has not breached its contract of insurance with Titan; (4) United Fire is entitled to recover its costs and expenses in defense of the underlying actions in the amount of $187,711.81; and (5) judgment shall be entered in favor of United Fire and against Titan in the amount of $187,711.81.

## II.  Discussion

"The entry of default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (quoting Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir. 1977)). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2014); see Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996) (review of order entering default judgment is for abuse of discretion). Prior to the entry of a discretionary default judgment, this Court must satisfy itself that the moving party is entitled to judgment, including by reviewing the sufficiency of the complaint, and the underlying substantive merits of its claim. 10 Moore's Federal Practice § 55.31[2].

As the Eighth Circuit has stated: "It is nearly axiomatic that when a default judgment is entered, facts alleged in the complaint may not be later contested. However, as we stated in Murray v. Lene, 'it remains for the [district] court to consider whether the unchallenged facts constitute a

legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Marshall v. Baggett, 616 F.3d 849, 852 (8th Cir. 2010) (citing Murray v. Lene, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998)). The Eighth Circuit cautions that "it is incumbent upon the district court to ensure that the unchallenged facts constitute a legitimate cause of action prior to entering final judgment." Id. at 852-53 (internal quotation omitted).

On May 13, 2014, the Eighth Circuit vacated this Court's grant of summary judgment in favor of Titan as well as this Court's denial of United Fire's motion for summary judgment. See United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880 (8th Cir. 2014). The Eighth Circuit, however, did not direct this Court to enter summary judgment in favor of United Fire. Rather, the majority stated as follows:

> In addition to contesting whether TIAH constitutes a pollutant, Titan also argued to the district court that the complaint in the underlying state-court case did not allege the "discharge, dispersal, seepage, migration, release or escape" of TIAH. This contention, if correct, would render the absolute pollution exclusion inapplicable in this case. The district court did not reach this issue, and the parties have not addressed it on appeal. Because this argument raises complex factual and legal questions, we believe that "it would be beneficial for the district court to consider this issue in the first instance." Loftness Specialized Farm Equip., Inc. v. Twiestmeyer, 742 F.3d 845, 851 (8th Cir. 2014). Accordingly, we vacate the denial of United's motion for summary judgment and remand for further proceedings.

Id. at 887.

On remand, the Eighth Circuit ordered this Court to conduct further proceedings on the question of whether the underlying state-court case alleged the "discharge, dispersal, seepage, migration, release or escape" of TIAH. Id. If Titan was correct, and the underlying state-court case did not make such allegation, the Eighth Circuit stated this "would render the absolute pollution exclusion inapplicable." Id. If the pollution exclusion were inapplicable, the policy would provide

coverage for the underlying claims against Titan, and United Fire would have a duty to defend and indemnify Titan in the underlying actions.

Before the Court had an opportunity to conduct any further proceedings consistent with the Eighth Circuit's opinion, all counsel for defendant Titan moved to withdraw their representation "due solely to [Titan's] lack of financial resources." See Doc. 102 at ¶¶ 2-4. The Court stayed the action, held defense counsel's motions in abeyance and imposed a withdrawal notice period. The Court ordered Titan to obtain substitute counsel within the withdrawal notice period or risk sanctions, including striking its pleadings. See Doc. 107. Titan did not comply with the Court's order, and the Court subsequently allowed counsel to withdraw and ordered Titan's answer stricken. See Docs. 110, 115.

Based on Titan's inaction since early May 2014, it is apparent that Titan has abandoned its defense of this action. Because of the procedural posture of this declaratory judgment action, however, the Court cannot enter default judgment in favor of United Fire. The Eighth Circuit has ordered the Court to conduct further proceedings to resolve what the Eighth Circuit recognized as "complex factual and legal questions" remaining in the case. United Fire, 751 F.3d at 887. With only one party remaining in the case, the Court is unable to conduct further proceedings to resolve these factual and legal questions.

It is incumbent upon the Court in the context of a motion for default judgment to ensure that the unchallenged facts constitute a legitimate cause of action and entitle United Fire to entry of judgment. Murray, 595 F.3d at 871. Because complex factual questions remain in this case that cannot be resolved upon a default judgment for declaratory relief, the Court denies United Fire's motion for default judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff United Fire & Casualty Company's Rule 55(b) Motion for Entry of Default Judgment is **DENIED**. [Doc. 118]

**IT IS FURTHER ORDERED** that this declaratory judgment action brought by plaintiff United Fire & Casualty Company against defendant Titan Contractors Service, Inc. is **DISMISSED without prejudice**.

An Order of Dismissal will accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of February, 2015.